IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELAINE L. CHAO,<br>  Secretary of Labor,<br>  United States Department of Labor<br><br>                    Plaintiff,<br><br>        v.<br><br>LOCAL 308, NATIONAL POSTAL MAIL HANDLERS,<br>WATCHMEN, MESSENGERS AND GROUP LEADERS,<br>LABORERS' INTERNATIONAL UNION OF<br>NORTH AMERICA,<br><br>                    Defendant. | Civil Action<br><br>No. |

COMPLAINT

Plaintiff Elaine L. Chao, Secretary of Labor, by and through the undersigned attorneys, alleges as follows:

NATURE OF THE ACTION

1. This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-84 (the "Act"), as applied to the Defendant by the Postal Reorganization Act at 39 U.S.C. § 1209(b), for a judgment declaring that the Defendant's February 19, 2005 mail ballot election for the offices of Recording Secretary, New Jersey State Executive Board Member, and Delaware State Executive Board Member is void, and directing Defendant to conduct a new election for the offices of Recording Secretary, New Jersey State Executive Board Member, and Delaware State Executive Board Member, under the supervision of the Plaintiff, and for other appropriate

relief.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3.  Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

4.  Plaintiff Elaine L. Chao is the duly appointed Secretary of Labor, United States Department of Labor.  Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5.  Defendant is, and at all times relevant to this action has been, an unincorporated association maintaining its principal office at P.O. Box 126, Building 107, Suite 308, 5301 Tacony Street, City of Philadelphia, County of Philadelphia, Commonwealth of Pennsylvania.

## FACTUAL ALLEGATIONS

6.  Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j) and 401(b) of the Act (29 U.S.C. §§ 402(i), 402(j) and 481(b)).

7.  Defendant is, and at all times relevant to this action has been, chartered by and subordinate to the National Postal Mail Handlers, Watchmen, Messengers and Group Leaders (National), Laborers' International Union of North America (International), a National labor organization engaged in an industry affecting commerce within the meaning of sections 3(i) and 3(j) of the Act (29 U.S.C. §§ 402(i) and 402(j)).

8. Defendant, purporting to act pursuant to its Constitution, conducted a mail ballot election for the offices of Recording Secretary, New Jersey State Executive Board Member, and Delaware State Executive Board Member, and this election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-484).

9. By undated letter to the National President, the complainant, Barrie Bowens, a member in good standing of the Defendant, protested the February 19, 2005 mail ballot election.

10. By letter dated May 3, 2005, to the complainant, the National President denied the protest.

11. By letter dated May 15, 2005, the complainant appealed the decision of the National President to the National Executive Board.

12. By letter dated September 30, 2005, to the complainant, the National Executive Board denied the appeal.

13. By letter dated October 29, 2005, the complainant appealed the decision of the National Executive Board to the International Executive Board.

14. In a report dated December 14, 2005, the International Special Elections Officer denied the protest.

15. Having exhausted the remedies available and having received a final decision, the complainant filed a timely complaint with the Secretary of Labor on January 13, 2006, within the one calendar month as required by section 402(a)(1) of the Act, 29 U.S.C. § 482(a)(1).

16.  By letter dated March 8, 2006, the Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's February 19, 2005 election would be extended to April 7, 2006.

17.  Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the Plaintiff investigated the complaint and, as a result of the facts shown by her investigation, found probable cause to believe that: (1) a violation of Title IV of the Act (29 U.S.C. §§ 481-484) had occurred in the conduct of the Defendant's February 19, 2005 mail ballot election; and (2) that such violation had not been remedied at the time of the institution of this action.

## CAUSE OF ACTION

18.  Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), in the conduct of its aforesaid election by failing to mail ballots to members in good standing of Defendant.  Those members did not vote in the election.

19.  The violation of section 401(e) of the Act (29 U.S.C. § 481(e)) may have affected the outcome of the Defendant's election for the offices of Recording Secretary, New Jersey State Executive Board Member, and Delaware State Executive Board Member.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(1)  Declaring the Defendant's election for the offices of Recording Secretary, New Jersey State Executive Board Member, and Delaware State Executive Board Member void;

4

(2)  Directing the Defendant to conduct a new election for the offices of

Recording Secretary, New Jersey State Executive Board Member, and Delaware State

Executive Board Member under the supervision of the Plaintiff;

(3)  For the costs of this action; and

(4)  For such other relief as may be appropriate.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

PATRICK L. MEEHAN
United States Attorney

VIRGINIA A. GIBSON
Assistant U.S. Attorney
Chief, Civil Division

MICHAEL S. BLUME
Assistant U.S. Attorney
615 Chestnut Street.
Suite 1250
Philadelphia, Pennsylvania 19106
(215) 861-8376

OF COUNSEL:

HOWARD M. RADZELY
Solicitor of Labor
KATHERINE E. BISSELL
Associate Solicitor
ALEXANDRA TSIROS
Counsel for Legal Advice
CATHERINE OLIVER MURPHY
Regional Solicitor
WILLIE B. WHITE
Attorney

U.S. Department of Labor