# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ELAINE L. CHAO,** | : | |
| v. | : | **CIVIL NO.  06-1475** |
| **LOCAL 308, NATIONAL POSTAL MAIL HANDLERS, WATCHMEN, MESSENGERS AND GROUP LEADERS, LABORERS, INTERNATIONAL UNION OF NORTH AMERICA.** | : : : : | |

## ORDER DECLARING ELECTION RESULTS AND FOR FINAL JUDGMENT

AND NOW, this _____ day of _____, 2008, upon consideration of the plaintiff's

Motion for Entry of Declaration of Election Results and for Final Judgment and any responses

thereto,

1. it is HEREBY DECLARED, pursuant to 29 U.S.C. § 482(c)(2), that the following

persons are officers of Local 308, National Postal Mail Handlers, Watchmen, Messengers and

Group Leaders, Laborers' International Union of North America, as indicated:

a.  Deborah Rudolph  Recording Secretary

b.  Melissa Seth  Delaware State Executive Board Member

c.  Steve Bahrle  New Jersey State Executive Board Member; and

2. it is HEREBY ORDERED that the matter is dismissed.

BY THE COURT:

_____

HONORABLE CYNTHIA M. RUFE
*Judge, United States District Court*

# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

ELAINE L. CHAO, SECRETARY OF LABOR,   )
UNITED STATES DEPARTMENT OF LABOR ,   )
                                       )
                Plaintiff,             )
                                       )          CIVIL ACTION
                                       )
        v.                             )
                                       )          No. 06-1475 (CMR)
LOCAL 308, NATIONAL POSTAL MAIL        )
HANDLERS, WATCHMEN, MESSENGERS AND     )
GROUP LEADERS, LABORERS' INTERNATIONAL )
UNION OF NORTH AMERICA,                )
                                       )
                Defendant.             )

---

## CERTIFICATION OF ELECTION

The election having been conducted in the above matter under the supervision of the Secretary of Labor, United States Department of Labor, pursuant to a Consent Order issued on October 6, 2006, in the United States District Court for the Eastern District of Pennsylvania, in accordance with the provisions of Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. §§ 481-483), and in conformity with the Constitution and Bylaws of the defendant labor organization, insofar as lawful and practicable. Having received five complaints that were investigated and found to have no merit concerning the conduct thereof, therefore:

Pursuant to Section 402(c) of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. § 482(c)), and the authority delegated to me,

IT IS HEREBY CERTIFIED that the following named candidates have been duly elected to the offices designated:

| | |
|---|---|
| Deborah Rudolph | Recording Secretary |
| Melissa Seth | Delaware State Executive Board Member |
| Steve Bahrle | New Jersey State Executive Board Member |

Attached herewith is a Declaration setting forth the protests concerning allegations what violations allegedly occurred during the conduct of the election and the findings of any investigation of the protests.

Signed this __13th__ day of December, 2007.

Cynthia Downing, Chief
Division of Enforcement
Office of Labor Management Standards
Employment Standards Administration
United States Department of Labor

## DECLARATION OF CYNTHIA DOWNING

I, Cynthia Downing, am the Chief of the Division of Enforcement, Office of Labor-Management Standards, Employment Standards Administration, United States Department of Labor. Pursuant to a Consent Order and Settlement filed in the United States District Court for the Eastern District of Pennsylvania, on October 6, 2006, the Office of Labor-Management Standards ("OLMS") supervised the mail ballot election conducted by Local 308, National Postal Mail Handlers, Watchmen, Messengers and Group Leaders, Laborers' International Union of North America ("Mail Handlers"), on January 8, 2007, for the offices of Recording Secretary, New Jersey State Executive Board and Delaware State Executive Board.

Members in good standing of Local 308 Mail Handlers ("Local 308" or "local") filed pre-election protests and post-election protests with OLMS alleging that Title IV of the Labor-Management Reporting and Disclosure Act of 1959 ("Act" or "LMRDA"), 29 U.S.C. §§ 481- 484, as made applicable to labor organizations composed entirely of employees of the United States Postal Service by section 1209(b) of the Postal Reorganization Act of 1970, 39 U.S.C. § 1209(b), was violated during the conduct of the supervised election. *See* 29 C.F.R. § 451.3(4). OLMS investigated the allegations. As a result of the investigation, as presented herein, I find that no violation of the LMRDA occurred during the conduct of said election.

On December 12, 2006, Douglas E. Thompson, Sr., a member in good standing of the local, filed a pre-election complaint with OLMS. Complainant Thompson alleged that notice of the nominations meeting was not posted at the Philadelphia L&DC Swedesboro, New Jersey facility. The Department of Labor investigation disclosed that on November 20, 2006, the local branch president for the Philadelphia L&DC Swedesboro, New Jersey facility posted notice of the nominations meeting in a locked, glass-enclosed bulletin board located in the facility's break room. The investigation also disclosed that such posting was conspicuous and that access to the keys to the bulletin board was restricted to the local branch president and the facility's office clerk, who is not a member of Local 308. Further, notice of the nominations meeting was mailed to all Local 308 members at their last known home addresses on November 14, 2006, including complainant Thompson, and posted at the union hall. No violation occurred.

Complainant Thompson also alleged that the local failed to afford members who were unable to attend the nominations meeting due to a conflict in their work schedules an opportunity to be nominated for office. The investigation disclosed that a member was not required to be present at the nominations meeting in order to make or accept a nomination. As clearly indicated in the nominations notice, any member unavoidably absent from the nominations meeting was permitted to make or accept a nomination by mail by sending such nomination to the local's address provided on the notice by registered, certified or express mail. No violation occurred.

2

Complainant Thompson further alleged that the local failed to provide sufficient time at the nominations meeting to make nominations. The investigation disclosed that the basis for this allegation is complainant Thompson's belief that the local should have but did not provide a grace period before it started the nominations meeting to accommodate those members who arrived at the meeting late. The nominations notice specifically stated that the meeting would start at 10:00 a.m. Neither the election rules nor the local's constitution and bylaws require the local to provide such a grace period. No violation occurred.

On December 13, 2006, Leo Spearman, incumbent member of the New Jersey State Executive Board, filed a pre-election complaint with OLMS alleging that violations of Title IV of the LMRDA occurred during the conduct of the supervised election. Complainant Spearman alleged that the local failed to afford him an opportunity to nominate himself for office when he arrived at the meeting after nominations had been completed and closed. The investigation disclosed that the nominations notice specifically stated that the meeting would begin at 10:00 a.m. and that Mr. Spearman had received a nominations notice in the mail. Such notices also were posted at each of the work facilities, including the one where Mr. Spearman is employed. Thus, he was aware of the time that the nominations meeting was scheduled to begin. The investigation further disclosed that the nominations meeting was called to order at 10:07 a.m. and that Mr. Spearman arrived at the nominations meeting after nominations were completed and closed and, for that reason, the local refused to permit him to submit his name for nomination. In connection with this allegation, complainant

3

Spearman represented that the nominations meeting was hurried. However, the investigation disclosed that the local afforded all members present at the nominations meeting ample opportunity to make and accept nominations for the contested offices. In particular, after the chairman of the election committee called the meeting to order, he read out loud the nominations that had been submitted to the local by mail. He began with nominations for Recording Secretary, followed by nominations for the Delaware State Executive Board member and the New Jersey State Executive Board member. Three nominations were made for Recording Secretary, two for the Delaware State Executive Board member and six for the New Jersey State Executive Board member. Next, the chairman of the election committee called for nominations from the floor. One nomination was made for Recording Secretary and one for the Delaware State Executive Board member; none was made for the New Jersey State Executive Board member. The investigation also disclosed that members present at the meeting were provided an opportunity to contest all nominations. No objections concerning such nominations or the nominations process were made at the time of the meeting. After all offices were considered, nominations were completed and closed. The investigation showed that complainant Spearman arrived at the meeting seeking to nominate himself for office after nominations were completed and closed. As a result, the local refused to permit him to submit his name for nomination. Neither did the local accept nor any person make nominations after the completion and the closure of the nominations meeting. The Act, therefore, was not violated when the local refused to

4

permit complainant Thompson to submit his name for nomination after the nominations process was completed. No violation occurred.

On January 8, 2007, Robin Butts, defeated candidate for Recording Secretary, filed a pre-election complaint with OLMS alleging that violations of Title IV of the LMRDA occurred during the conduct of the supervised election. Complainant Butts alleged that the local distributed partisan campaign material on behalf of Ed Tucker, one of her opponents in the election for that office, at no expense, and that such distribution was conducted prior to the date established for distributing campaign literature. The investigation disclosed that Mr. Tucker did not request and the local did not conduct a campaign mailing on his behalf. No violation occurred.

Subsequently, on February 26, 2007, complainant Butts filed a post-election protest with OLMS alleging that Ed Tucker, who lost his bid for election, attempted to influence the outcome of the election by using his personal funds to finance the local's Christmas party. Section 401(g) of the Act, 29 U.S.C. § 481(g), proscribes the contribution or application of union funds or employer funds to promote the candidacy of any person in an election, such as here, which is subject to Title IV of the Act. Complainant Butts did not allege and the investigation did not disclose that Mr. Tucker's financing of the local's Christmas party involved the expenditure of such funds in violation of section 401(g). Nor did the investigation disclose that partisan campaigning occurred at that party. Therefore, Mr. Tucker's use of his personal funds to finance the local's Christmas party did not constitute a violation of the Act.

5

Finally, on February 12, 2007, Elsie Sudler, a defeated candidate for the Delaware State Executive Board, filed a post-election complaint with OLMS alleging that a violation of Title IV of the LMRDA occurred during the conduct of the supervised election. Complainant Sudler alleged that, prior to the election, the chief shop steward for the Delaware Processing and Distribution Center made partisan campaign statements supportive of the winning candidate for the Delaware State Executive Board during an employer-sponsored meeting held on December 18, 2006. The investigation disclosed that complainant Sudler was not present at that meeting. Further, although Department investigators repeatedly attempted to interview complainant Sudler concerning this matter, she refused to cooperate and to meet with investigators. During the investigation, complainant Robin Butts stated that she had attended the meeting and that she had informed complainant Sudler of the alleged campaigning. However, during the Department's interview of other members in attendance at the meeting, none of them corroborated that such campaigning occurred. Further, during the investigation the chief shop steward denied making the alleged statements. Thus, there is conflicting evidence as to whether the alleged campaigning ever occurred. The evidence, therefore, does not provide an adequate basis for finding probable cause to believe that the Act was violated.

The Department has concluded from its investigation that Local 308's January 8, 2007 election of officers, conducted under the Department's supervision, complied with Title IV of the Act and was conducted, insofar as lawful and practicable, in accordance with the bylaws of Local 308 and the constitution of the National Postal Mail Handlers,

6

Watchmen, Messengers and Group Leaders, Laborers' International Union of North America. Therefore, no reason exists to overturn the results of this election.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this _____13ᵗʰ_____ day of December, 2007, in City of Washington, District of Columbia.

Cynthia Downing, Chief
Division of Enforcement,
Office of Labor-Management Standards,
Employment Standards Administration,
United States Department of Labor